# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

## CAPITAL CASE

**CIVIL ACTION NO. 99-678-C**

**PARRAMORE LEE SANBORN,**                                                   **PETITIONER,**

**V.**               **MEMORANDUM OPINION AND ORDER**

**PHIL PARKER, WARDEN,**                                             **RESPONDENT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the petitioner's motion to expand the certificate of appealability (DE 140). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

On February 14, 2007, this court granted in part and denied in part the petitioner's application for a writ of habeas corpus. In accordance with 28 U.S.C. § 2253(c) and the Sixth Circuit's ruling in *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002), this court also issued a certificate of appealability ("COA") as to certain of the grounds for relief raised by the petitioner along with its denial of his application for a writ of habeas corpus as to those grounds. *See* DE 137, at 76-77. However, the court declined to issue a COA as to all of the additional grounds on which it denied relief and, of course, the one ground on which it granted the petitioner's application for a writ of habeas corpus. *Id.* On March 14, 2007, the petitioner filed a notice of appeal and, along with that notice, the current motion to expand the COA. In this motion, the petitioner asks the court to issue a

COA as to six issues raised in his application on which the court denied a COA in its February 14, 2007, order.

In *Castro*, the Sixth Circuit considered whether a district court had the power to issue a COA before a petitioner requested one. In holding that a district court could do so, the Sixth Circuit reversed a district court judge who had found to the contrary and reasoned as follows:

> The district court suggests that because petitioners rarely address the *Barefoot* standard for appellate review in their habeas proceedings in district court, a district court may deprive petitioners of their opportunity to address the standard for a COA by ruling on a COA before a petitioner applies for one. . . . It is of course entirely possible as well that under the framework mandated by Rule 22(b)(1), a petitioner will file a notice of appeal unaccompanied by a motion for a COA, yet Rule 22(b)(1) requires the district judge to decide whether to issue a COA upon the filing of the notice of appeal. *In either situation, should the district judge deny a COA, the petitioner could seek reconsideration of that decision, accompanied by a motion and brief in support of a COA.* Moreover, Rule 22(b)(1) further provides that "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate."

*Castro*, 310 F.3d at 903 (emphasis added). The court interprets this language from *Castro* as permitting a district court to: (1) grant or deny a COA at the same time that it rules on a petitioner's application for a writ of habeas corpus; or (2) grant or deny a COA when the petitioner files a notice of appeal. Importantly, however, once a district court denies a COA, a petitioner must either move that district court for reconsideration of its initial order or move the Court of Appeals to issue a COA. *Castro* does not permit the third option that the petitioner apparently seeks here: a *de novo* motion for a COA following the denial of a COA. Under both *Castro* and

2

the Federal Rules of Civil Procedure, the petitioner's request is most reasonably construed as motion for reconsideration.[1]

Though not directly on point, the Sixth Circuit's recent opinion in *Slagle v. Bagley*, 457 F.3d 501, 528-29 (6th Cir. 2006), supports this conclusion. In *Slagle*, the petitioner filed a motion in the Court of Appeals to extend his COA to include additional issues. The Sixth Circuit denied his motion, and the petitioner later raised this denial as a point of error. The Sixth Circuit held that "Slagle's argument that this court erred in denying his request for an extended COA is tantamount to petitioning this court for a rehearing on his COA application," and it denied his motion as untimely. *Id.* In the same sense, this court finds that the petitioner's motion to expand his COA is tantamount to moving this court to reconsider the denial of his COA. For all of the foregoing reasons, this court views the motion to expand the certificate of appealability as a motion for reconsideration.

A motion for reconsideration is construed as a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) provides, however, that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the

---

[1]Though Judge Kennedy expressed concerns regarding the "disadvantages that may result from following the procedure" espoused by the majority in *Castro*, the language of her concurring opinion also suggests that this court's interpretation of *Castro* is accurate. *See Castro*, 310 F.3d at 904 ("[W]hile the petitioner may move for reconsideration where the COA is entered with the opinion, the burden on the petitioner to persuade the judge to change a ruling is greater than the burden to persuade the judge to adopt that ruling as an initial matter."). Indeed, if a petitioner were permitted to move for a COA following the denial of a COA entered with an opinion denying an application for a writ of habeas corpus, then this criticism by Judge Kennedy would be meaningless.

judgment." The Sixth Circuit has previously held that a Rule 59 motion filed outside the mandatory 10-day window is of no effect. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (citing *Myers v. Ace Hardware, Inc.*, 777 F.2d 1099, 1103 (6th Cir. 1985)). Since the petitioner's motion was filed one month after the court entered its order partially denying him a COA, it is untimely pursuant to Rule 59.

Where a party's Rule 59 motion is not filed within the mandatory 10-day period, however, it is appropriate to consider the motion as a motion pursuant to Rule 60 for relief from judgment. *Feathers*, 141 F.3d at 268. Rule 60(b) permits a court to relieve a party from a final judgment for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) new discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or a judgment upon which it was based has been vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief. Relief from a final judgment under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (quoting *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)). As the petitioner neither claims that any of the six reasons justifying relief under Rule 60(b) is applicable nor has he made any showing of exceptional circumstances, the court will deny the

4

petitioner's motion to the extent it is made pursuant to Rule 60(b).

As noted in *Castro*, Fed. R. App. P. 22(b)(1) clearly permits a petitioner to request a circuit judge to enter a COA if a district judge denies one.  Indeed, the petitioner here may have already done so.  The resolution of such a request, however, is a matter for the Court of Appeals.  Accordingly,

**IT IS ORDERED** that the petitioner's motion to expand the certificate of appealability (DE 140) is **CONSTRUED** as a motion to reconsider.

**IT IS FURTHER ORDERED** that the motion is **DENIED**.

Signed on  May 1, 2007

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**

5